# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5608 | **DATE** | 4/25/2013 |
| **CASE TITLE** | Grossinger Motorcorp., Inc. v. Thomas | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to vacate dismissal, reinstate case, and enter judgment [52] is denied. Plaintiff's motion for relief from judgment [57] is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

---

Plaintiff, Grossinger Motorcorp, Inc., filed this lawsuit against defendant, Joel P. Thomas, alleging, among other things, violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. On April 2, 2012, following a settlement conference with the magistrate judge, counsel reported that the case had been settled, and the magistrate judge indicated in a minute entry that the court would retain jurisdiction to enforce the settlement.

A month later, the parties filed a "Stipulation to Dismiss" that was signed by both parties through their respective attorneys.[1] In the stipulation, the parties agreed that "all claims and counts associated with this action be dismissed with prejudice . . . ." The parties further indicated in their stipulation that "[t]his Court retains jurisdiction to enforce the terms and conditions of the Settlement Agreement entered into between Grossinger Motorcorp, inc. [sic] and Joel P. Thomas," although the court notes that the settlement agreement was not provided to the court at that time. The next day, May 3, 2012, a minute entry was docketed by the courtroom deputy which simply stated, in its entirety, "Pursuant to stipulation of parties, this case is dismissed with prejudice. Case is closed."

Currently before the court are two motions filed by plaintiff – a "Motion to Vacate Dismissal, Reinstate Case and Enter Judgment" and a "Motion for Relief from Judgment." Both motions indicate that defendant has failed to make timely payments to plaintiff in violation of the terms of the settlement agreement, and both motions ultimately request that this court enter a judgment in favor of plaintiff for the full amount remaining due under the terms of the parties' settlement agreement, plus attorney's fees and costs as provided in the settlement agreement. After consideration, the court denies both motions.

Plaintiff's first attempt to get the court to enforce the terms of the settlement agreement – the "Motion to Vacate Dismissal" – fails to cite any authority for the relief requested, and the magistrate judge has already issued a Report and Recommendation that the court should deny the motion, to which there has been no objection. As a general rule, when a case is dismissed pursuant to a stipulation of dismissal signed by all the parties who have appeared in the action, the court does not automatically acquire "jurisdiction . . . over disputes arising out of an agreement that produces the stipulation." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994); see also McCall-Bey v. Franzen, 777 F.2d 1178, 1188 (7th Cir. 1985) ("[W]e have rejected the suggestion that federal judges have inherent power to enforce settlement agreements arising out of lawsuits that

were once before them."). Instead, "[a] settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has not been dismissed with prejudice), is enforced just like any other contract." Lynch, Inc. v. SamataMason Inc., 279 F.3d 487, 489 (7th Cir. 2002). Here, because the stipulation of dismissal provided that the dismissal was with prejudice, and because plaintiff has not shown that the parties are diverse, the court accepts the uncontested Report and Recommendation of the magistrate judge and denies the motion to vacate the dismissal, reinstate the case, and enter judgment for plaintiff's contractual damages. To the extent plaintiff believes that defendant has breached the terms of the settlement agreement, it will have to seek enforcement of that agreement in a court of competent jurisdiction.

Perhaps recognizing the problems with his first motion, plaintiff has now filed a Rule 60(b) motion for relief from judgment in an effort to get around this jurisdictional predicament. In this motion, plaintiff stresses the fact that the stipulation of dismissal provided that this court would retain jurisdiction to enforce the settlement agreement. However, "a district judge cannot dismiss a suit with prejudice, thus terminating federal jurisdiction, yet at the same time retain jurisdiction to enforce the parties' settlement that led to the dismissal with prejudice." Shapo v. Engle, 463 F.3d 641, 643 (7th Cir. 2006); see also Lynch, 279 F.3d at 489 ("An initial question is the significance of that purported retention. It had no significance. Having dismissed the entire litigation, the court had no jurisdiction to do anything further . . . ."). Thus, the stipulation of dismissal, which did not actually require any intervention from the court to become effective, see Fed. R. Civ. P. 41(a)(1)(A)(ii) (providing that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared"), does not provide the court with jurisdiction over the parties' contractual dispute merely because the parties included language in the stipulation suggesting that the court would retain jurisdiction. See Lynch, 279 F.3d at 489 (explaining that a similar "purported retention" had "no significance"). Likewise, the "[p]arties cannot confer federal jurisdiction by agreement." Shapo, 463 F.3d at 645.

Plaintiff's final argument is that the inclusion of the "with prejudice" language in the stipulation of dismissal was done through "mistake, inadvertence and excusable neglect" and was "at odds with the intent of the Settlement Agreement." Based on this alleged mistake, plaintiff asks the court to "grant Grossinger relief from the May 3, 2012 Order and permit Grossinger to reinstate the case and enter judgment against Thomas." For the reasons discussed below, the court is unable to grant plaintiff's request for relief at this time, as there are several issues that would need to be more fully briefed.

First, the court is unclear whether a Rule 60(b) motion can provide any relief in this case. Rule 60(b) allows the court to "relieve a party . . . from a final judgment, order, or proceeding" for one or more articulated reasons. In this case, however, the case was dismissed as a result of the parties' stipulation, not by a final judgment or order from the court. As noted earlier, the parties' stipulation of dismissal became effective the moment it was filed, and the dismissal did not require a court order. See Fed. R. Civ. P. 41(a)(1)(A)(ii). Accordingly, the court's May 3 minute entry was merely a recording of the parties' stipulation for clerical or administrative purposes, i.e. to close the case.

Although plaintiff does not cite any authority on this issue in its current motion, the court recognizes that there is some language in the McCall-Bey opinion that suggests that a Rule 60(b) motion could provide a remedy. See McCall-Bey, 777 F.2d at 1186 ("Any time a district judge enters a judgment, even one dismissing a case by stipulation of the parties, he retains, by virtue of Rule 60(b), jurisdiction to entertain a later motion to vacate the judgment on the grounds specified in the rule . . . ."). In that case, however, the district court's order of dismissal was filed before the parties' stipulation, and the parties "treat[ed] the judge's order, rather than the stipulation, as the terminating event of the litigation." Id. at 1182, 1185. Based on these circumstances, the Seventh Circuit concluded that "the order necessarily was made under Rule 41(a)(2)." Id. at 1185. Here, the stipulation of dismissal was filed before the court's May 3 minute entry, and thus, there is no reason to treat that minute entry as an order of dismissal under Rule 41(a)(2).[2] Because of this distinction, the discussion of Rule 60(b) in the McCall-Bey opinion is not necessarily controlling in this matter.[3]

As a result of this uncertainty concerning McCall-Bey, the court is also not clear on whether Nelson v. Napolitano, 657 F.3d 586 (7th Cir. 2011), would have any bearing on this case. In Nelson, the defendant, citing McCall-Bey, "concede[d] that a district court retains jurisdiction to consider a Rule 60(b) motion following a voluntary dismissal." 657 F.3d at 589. Although the Seventh Circuit ultimately "agree[d] that there may be instances where a district court may grant relief under Rule 60(b) to a plaintiff who has voluntarily dismissed the action," it did so only after mentioning the defendant's proffered example of "a defendant faking his own death with a fraudulent death certificate in order to induce a plaintiff to voluntarily dismiss." Id. Given the fact that Nelson relied on McCall-Bey, which the court has already found to be distinguishable; it involved a concession by the defendant that Rule 60(b) was applicable, such that the issue was not fully contested; and it only culminated in the Seventh Circuit's limited holding that "there may be instances" where relief under Rule 60(b) is appropriate following a voluntary dismissal, the court has some doubt as to whether Nelson would authorize relief under Rule 60(b) based on the circumstances of the instant case.

Second, even if the court were to assume that Rule 60(b) could provide plaintiff with some relief in this case, the court has not been persuaded that this would be an appropriate case for that type of relief. "[I]t is well-established that Rule 60(b) relief is an extraordinary remedy and is only granted in exceptional circumstances." Willis v. Lepine, 687 F.3d 826, 833 (7th Cir. 2012) (quotation marks omitted). Here, plaintiff claims that the "with prejudice" language was included in the stipulation of dismissal as a result of "mistake, inadvertence and excusable neglect." But the court fails to see how a misunderstanding of the law by one or both parties is a mistake that should be rectified by the court, or how this type of mistake can be considered "excusable neglect."

To the extent that plaintiff is claiming an entitlement to relief pursuant to Rule 60(b)(3) based on defendant's fraud or misrepresentation, plaintiff's conclusory allegations will not suffice. "A party seeking to set aside a judgment under Rule 60(b)(3) . . . must prove fraud by clear and convincing evidence." Wickens v. Shell Oil Co., 620 F.3d 747, 759 (7th Cir. 2010). Here, it is not at all clear that defendant entered into the settlement agreement "knowing that he could not adhere to it," as alleged by plaintiff, and thus the court cannot grant relief under Rule 60(b)(3) based on the record currently before the court.

Plaintiff's claim to relief under Rule 60(b)(6) is equally unpersuasive. That section is a catch-all provision that allows the court to grant relief from a final judgment or order for "any other reason that justifies relief." Plaintiff argues that "[t]o preclude Grossinger from reinstating this case prejudices Grossinger in that it has no remedy to enforce the Settlement Agreement and it reward[s] Thomas' breach." If that were true, then maybe Rule 60(b)(6) would be appropriate. However, plaintiff is not without a remedy as it can surely file a breach of contract action against defendant in state court and get the same relief it is trying to obtain from this court, that is, a judgment for the amount still due under the terms of the settlement agreement.

Third, even if the court were to find that plaintiff was entitled to relief under Rule 60(b), it is clear from the pleadings that plaintiff's primary goal is to obtain a judgment for the unpaid amount of the settlement agreement. "But the power to vacate is not the power to enforce a collateral agreement." McCall-Bey, 777 F.2d at 1186. If the court were to grant plaintiff's motion, the only effect would be "to restore the plaintiff's original . . . suit to the trial calendar." Id. Rule 60(b) would not allow the court to enforce the terms of the settlement agreement. See id. ("The judge could not, on the authority of Rule 60(b), have ordered the defendants to comply with the settlement."). The court recognizes that plaintiff has asked, in the alternative, to "reinstate the case and return it to the trial call." This alternative request, however, may be premised on the mistaken belief that plaintiff could not obtain relief pursuant to a breach of contract action filed in state court. Because this court cannot, under any circumstance, reinstate the case and award a judgment based on the settlement agreement, the court needs further clarification from plaintiff as to whether it is still seeking a reinstatement of the original case.

Accordingly, the court will deny the Rule 60(b) motion without prejudice to refiling. If plaintiff wishes the court to consider reinstating the case, it should file a new motion indicating that it wants to proceed in that manner and addressing the court's concerns identified above.

1. The underlying settlement agreement was signed directly by the parties.

2. The language of this court's minute entry is also distinguishable from the language of the dismissal order in McCall-Bey, which stated: "Order cause dismissed pursuant to stipulation of the parties." 777 F.2d at 1182. In particular, the word "order" does not appear anywhere in the May 3 minute entry in this case, so it would be unusual to construe that docket entry as an order of the court.

3. The court also notes that other courts have found McCall-Bey and its progeny to have "limited persuasive authority" based on the fact that "the Seventh Circuit did not specifically address the interplay between Rules 41 and 60" in its opinion, and because its discussion of Rule 60(b) could be considered dicta. See White v. Nat'l Football League, Civil No. 4–92–906(DSD), 2013 WL 656682, at *3 (D. Minn. Feb. 22, 2013) (concluding that "there is no final judgment or order in a Rule 41(a)(1)(A)(ii) dismissal for the court to overturn. As a result, if a matter is dismissed pursuant to Rule 41(a)(1)(A)(ii), then Rule 60(b) relief is inapplicable unless the stipulation of dismissal is conditioned upon the possibility of such future relief.").